**BENNETT v. ROSE MFG. CO.　(No. 7021.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1923.)

1. **Appeal and error** ⚖══907(3) — **Every presumption in favor of judgment in absence of statement of facts.**

Every presumption must be made in favor of the trial court's finding and judgment in the absence of a statement of facts.

2. **Appeal and error** ⚖══909(5)—**Affidavit attached to account held sufficient in absence of statement of facts.**

Affidavit, under Rev. St. art. 3712, to an account for goods, made by a certain person as treasurer, must be held good on appeal in absence of statement of facts, though it did not state that affiant was treasurer for plaintiff corporation, especially as the sworn account was attached to and made a part of plaintiff's petition showing plaintiff's corporate capacity.

Appeal from Karnes County Court; D. O. Klingeman, Judge.

Suit by the Rose Manufacturing Company against Julius Bennett. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 226 S. W. 143.

J. F. Murray, of Runge, for appellant.

Leake & Henry and Sam A. Leake, all of Dallas, O. L. Bell, of San Antonio, and Paul H. Brown, of Karnes City, for appellee.

COBBS, J. This suit was filed by appellee to recover judgment against appellant upon an open account for goods, wares, and merchandise sold to appellant, attached to plaintiff's original petition as a part thereof, alleging plaintiff was a Texas corporation, to which petition was attached the verifying affidavit of the account. The case was tried before the court without a jury. No statement of the facts was filed, nor any findings of fact requested or filed. The court found in favor of appellee, and rendered its judgment against appellant for the sum of $285.-03, with 6 per cent. interest per annum from January 1, 1919, until paid.

The question raised by appellant as to the sufficiency of the affidavit is presented by his two bills of exception, Nos. 1 and 2. As bill of exception No. 2 presents the same claimed error, and goes further and quotes the affidavit itself, we here present it as follows:

"Be it remembered that on the trial of the above entitled and numbered cause on the 24th day of February, A. D. 1923, the plaintiff sought to introduce in evidence an open account against the defendant, verified by the af-

---

fidavit of one J. A. Spain, the said affidavit to said account being as follows:

" 'State of Texas, County of Karnes.

" 'Before me, A. G. Cooper, a notary public in and for Dallas county, Tex., on this day personally appeared J. A. Spain, treasurer, known to me, who, being duly sworn, states on oath that the foregoing and annexed account in favor of the Rose Manufacturing Company, against Julius Bennett, (Runge, Tex.) for the sum of $285.03 is within the knowledge of affiant just and true; and that it is due and unpaid, and that all just and lawful offsets, payments, and credits have been allowed.  J. A. Spain.

" 'Sworn and subscribed before me.this 11th day of February, A. D. 1919.

" 'A. G. Cooper,

" 'Notary Public, Dallas County, Tex.'

"The defendant objected to the introduction of said open account, on the ground that the same was not verified according to law, that it was not verified by the plaintiff, its agent or attorney, and that, if the party making the affidavit was the agent or attorney for the plaintiff, the same was not disclosed by the affidavit, and for this reason the account was not admissible in evidence.  The court overruled the objections of defendant, and permitted the said account to be admitted in evidence, to which action of the court the defendant excepted, and here now tenders his bill of exceptions, and asks that the same be approved and filed as a part of the record in this cause."

[1] Every presumption must be made in favor of the court's finding and judgment, in the absence of a statement of facts.

The affidavit is in strict compliance with article 3712 of the Revised Statutes, unless appellant's contention be sustained that the affidavit should have gone further and stated who J. A. Spain was treasurer for, whether treasurer for appellee or not.

[2] While we think the affidavit, as a matter of good pleading, should have shown on its face the affirmative fact of agency, without the necessity of going to presumption or other aliunde evidence to show for whom he acted, yet, under the circumstances of this case, we may presume the court had all necessary facts upon which to predicate its findings, in the absence of a statement of facts.

Here the sworn account upon which the suit is instituted is attached to and made a part of appellee's petition, showing appellee's corporate capacity.  It must be presumed in the absence of a contrary fact that this affidavit was made by appellee's treasurer.  Simmons v. Campbell et al. (Tex. Civ. App.) 213 S. W. 341; New Brunswick Steamboat Co. v. Baldwin, 14 N. J. Law, 440.

While it would have been better pleading to have set out the facts going to show for whom the affiant was acting and his capacity, yet, considering the pleading and affidavit as one and the same, together with the evidence before the court, and necessarily found by it sufficient to support the judgment, it will not be disturbed.  Appellant

filed no sworn answer denying any part of the account.

We see no reason assigned that would justify our remanding this cause for another trial, and therefore overrule all the assignments and affirm the judgment.